■ In the Matter of the Claim of STEPHEN LUERO, Respondent, against P. J. TRONOLONE et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer and carrier from a decision of the Workmen's Compensation Board holding that the claim does not come within the provisions of the second injury law (Workmen's Compensation Law, § 15, subd. 8). The claimant had been employed for many years as a janitor at a church and parochial school of which the employer was in charge. In February, 1948, the claimant underwent an operation for the removal of an intervertebral disc, resulting in a spinal fusion. The employer knew of the operation and, upon the claimant's return to work, he had him do light work and "Just hang around" and point out the work to be done to other employees. However, after a lapse of time, the employee appeared to have fully recovered, so far as the employer knew, and thereafter "he was able to do practically the same amount of work * * * as he did before the operation". The claimant met with an accident on July 18, 1950. While repairing a sash in a window frame, he fell between two desks and suffered an acute strain of the lower back. The employer sought reimbursement from the Special Fund under the second injury law but the board rejected this claim upon two grounds: (1) that there was no evidence that the disability resulting from the accident was materially and substantially greater than that which would have resulted from the subsequent accident alone and (2) that the employer did not have knowledge of a pre-existing

permanent physical impairment at the time of the occurrence of the subsequent accident. While the first ground seems to us to be of doubtful validity on this record, the second ground is sufficient to sustain the board's rejection of the claim for reimbursement. While the employer knew of the operation which the claimant had undergone, it appears that the employer believed that he had fully recovered at the time of the occurrence of the subsequent accident and therefore it cannot be said that the employer retained the claimant in his employ at that time with knowledge of an existing, permanent impairment (*Matter of Zyla* v. *Juilliard & Co.*, 277 App. Div. 604). Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Zeller, JJ.